1  MONICA M. QUINN, Bar No. 198332
   mquinn@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA 90071
4  Telephone: 213.443.4300

5  RADHA D.S. KULKARNI, Bar No. 293996
   rkulkarni@littler.com
6  LITTLER MENDELSON, P.C.
   2049 Century Park East
7  5th Floor
   Los Angeles, CA 90067
8  Telephone: 310.553.0308
   Fax No.: 310.553.5583

9
   Attorneys for Defendant
10 HILL-ROM COMPANY, INC.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO ANGELES,<br><br>Plaintiff,<br><br>v.<br><br>HILL-ROM COMPANY, INC., an Indiana corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:17−cv−01862−PSG−RAO<br><br>ASSIGNED TO JUDGE PHILLIP S. GUTIERREZ<br><br>**CONFIDENTIAL STIPULATION AND AGREEMENT AND PROTECTIVE ORDER AND FRE 502(E) CLAWBACK AGREEMENT/ORDER** |

WHEREAS, Plaintiff Angelo Angeles ("Plaintiff") and Defendant Hill-Rom Company (collectively, "Defendant") are presently engaged in discovery;

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 13, below, the standards that will be applied when a party seeks to file Confidential material under seal.

WHEREAS, some information sought by the parties or contained in documents sought by the parties is of a confidential and/or proprietary nature;

WHEREAS, the purpose of this Stipulation is to permit the parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material;

WHEREAS, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a party's discovery request or informal production;

WHEREAS, the parties may be required to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the

Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a) was not inadvertent by the Producing Party;

(b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c) that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents, except if the Producing Party affirmatively is waiving the privilege with respect to a particular document.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**IT IS HEREBY STIPULATED**, as follows:

This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

**2.  Definition of "Documents or Information."**

The term "documents or information" shall be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure.

**3.  Definition of "Confidential."**

(a)  "Confidential" documents or information shall include sensitive research, development, financial, accounting, commercial, proprietary or private information in the possession of any party that is generally unavailable to others in the industry or to the public, and is not readily determinable from public sources. Documents that can be accessed by the public should not be deemed Confidential.  A party may designate as "Confidential" any document or information produced in disclosures or in response to discovery requests or subpoenas by that party or by any other party that, in good faith, the designating party deems confidential.  Potential sources of confidential documents or information may include: (1) documents relating to any current or former employee of Defendant, including, documents containing compensation-related information and other personnel-related information, health or medical-related information, home addresses, or home telephone numbers; (2) Defendant's policies or procedures; (3) Defendant's non-public financial, accounting, commercial, operations, training, or other proprietary or trade secret information; (4) the financial, accounting, or other private or Confidential Information of any current or former customer or business partner of Defendant; (5) business or marketing plans of Defendant; and/or (6) individually identifiable information regarding an individual's past, present, or future physical or mental health or condition.

(b)  "Confidential – Attorneys' Eyes Only" information means any Confidential Information that is stamped with a "CONFIDENTIAL - ATTORNEYS'

EYES ONLY" designation. Attorneys' Eyes Only material may include, but is not limited to: highly confidential or sensitive business information that could cause financial harm to either Defendant if disseminated to the public or competitors and, to the extent it has not been redacted, Social Security numbers, driver's license numbers, financial account numbers including credit or debit card numbers, health insurance identification numbers, taxpayer identification numbers, passport numbers or other government-issued identification numbers, and protected health information as defined under HIPAA (collectively "Trigger Data").

**4. Designation and Use of Confidential Material.**

The Confidential designation shall be made by stamping or otherwise affixing a label or sticker stating "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the documents or information so designated at the time of their production. In the case of electronically stored information, a party producing Confidential Information in an electronically-stored format shall stamp or otherwise affix a label or sticker to the physical medium by which the information is transmitted (e.g. computer disk, CD Rom, etc.) stating "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" If the party to whom such electronically stored information is produced shall create any readable report or output from such confidential data that is disclosed to another person authorized to review the information pursuant to Paragraph 5 below, that party shall prominently label each page of such output report as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" A party need not perform such labeling for any report or output that is reviewed solely by that party.

Documents previously produced may be retroactively designated, by the party producing the document or by another party, by notice in writing identifying each such document Bates number (or otherwise specifically identifying the document) within thirty (30) days of the Court Ordering this Stipulation. Documents produced without designation or with improper designation may be retroactively

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

designated in the same manner within thirty (30) days of production and shall be treated as confidential from the date written notice of the designation is provided to the Receiving Party. In the event of any change in designation pursuant to this paragraph, the party making the change shall promptly provide substitute copies of all documents as to which confidential status is claimed, with the replacement documents to bear a stamp, label, or sticker identifying the document as Confidential. Thereafter, the original, incorrectly designated documents (and all copies thereof) shall be promptly destroyed or returned to the designating party, with confirmation in writing.

Information disclosed or discussed in a deposition may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by any party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other party in writing as to which portions of the deposition transcript contain "Confidential" or "Confidential – Attorneys' Eyes Only" information.

All documents or information marked or designated "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with this Protective Order shall be used solely for the purpose of conducting the above-captioned proceeding (the "Proceeding"), and not for, or in connection with, any other cases or disputes or for any other purpose. A recipient of any "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information shall not disclose to anyone not specified in Paragraph 5 of this Stipulation any "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information without the prior written consent of the party who produced such documents or information. Nothing contained in this Stipulation shall affect the right of a party to use or disclose materials that such party has produced and designated "Confidential" or "Confidential – Attorneys' Eyes Only" as such party sees fit; however, if a party uses or discloses the documents in a manner inconsistent with the designation of the documents as Confidential, with the exception of documents containing Trigger Data, and such use or disclosure is not inadvertent or

unintentional, and is left uncorrected upon discovery of such use or disclosure, the documents will not be deemed Confidential for purposes of this Stipulation. All "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information obtained by any person shall be maintained carefully so as to preclude access by persons who are not entitled to receive such documents or information.

**5. Disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Documents or Information.**

Other than at trial, a deposition related to this Proceeding, court filings subject to Paragraph 13, or a hearing or conference regarding any motion in this Proceeding, documents or information marked or designated as "Confidential" may not be disclosed or made available by a recipient of such documents or information to any person other than:

(a) current or former employees of the Defendant, whose assistance is needed in the prosecution or defense of this Proceeding;

(b) the in-house legal counsel of Defendant, and the clerical, paralegal, and secretarial staff of such in-house legal counsel;

(c) the counsel of record of any party to this Proceeding, and the legal, clerical, paralegal, and secretarial staff of such counsel;

(d) individuals whom any party to this Proceeding intends to call as witnesses at trial, provided that such party reasonably believes that the witness has information concerning the documents or information;

(e) outside experts or consultants who are engaged expressly for the purpose of assisting in the Proceeding, as well as commercial copy services, data entry and computer support organizations hired by and assisting outside counsel for a party; and

(f) the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

Unless otherwise ordered by the Court, documents or information marked or designated as "Confidential – Attorneys' Eyes Only" may not be disclosed or made

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

available by a recipient of such documents or information to any person other than:

(g) the counsel of record of any party to this Proceeding, and the legal, clerical, paralegal, and secretarial staff of such counsel;

(h) outside experts or consultants who are engaged expressly for the purpose of assisting in the Proceeding, provided that disclosure is only to the extent necessary to perform such work and such expert or consultant: (1) has agreed to be bound by the provisions of this Stipulated Protective Order by signing a copy of Exhibit A; (2) such expert or consultant is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party or of a competitor of a party; (3) such expert or consultant is not involved in competitive decision-making on behalf of a party or a competitor of a party; (4) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (5) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in this Stipulated Protective Order; and

(i) the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater or lesser protection with respect to the use of any "Confidential" or "Confidential – Attorneys' Eyes Only" materials in connection with this Proceeding.

**6. Information Security Protections.**

Any person in possession of another party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information. To the

extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**7.    Signing of Declaration of Confidentiality.**

Each person to whom disclosure is made pursuant to Paragraphs 5(a), 5(d) 5(e) or 5(h) shall be given a copy of this Stipulation and shall sign a declaration, a copy of which is attached hereto as Exhibit A, prior to receipt of any "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information. Such declaration shall state that the Receiving Party agrees that he or she is bound by the terms of this Stipulation. Counsel for the parties agree to obtain contact information, including mailing address, telephone numbers, and email addresses, for any individual who signs Exhibit A. Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the Federal Rules of Civil

Procedure or pursuant to any agreed extension by the opposing party's counsel of record.

**8.      Return of Documents or Information.**

At the conclusion of the Proceeding, all documents or information covered by this Stipulation, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Stipulation including any readable reports or output from the physical medium by which electronically stored information was transmitted, shall be returned as follows:

(a)     Within sixty (60) days of the conclusion of the Litigation, and subject to sub-paragraphs (d) and (e) below, all "Confidential Information," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the Producing Party.  In the alternative, within sixty (60) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such "Confidential Information," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

(b)     If "Confidential Information" is furnished to outside experts or consultants pursuant to Paragraph 5(e), the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such "Confidential Information" including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the Producing Party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(c)     If "Confidential Information" has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such "Confidential Information" (including all associated images and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(d) Counsel of record for the parties may retain copies of any part of the "Confidential Information" produced by others that has become part of the official record of this litigation as well as abstracts or summaries of materials or correspondence that reference "Confidential Information" that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

(e) The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential Information" to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any "Confidential Information" is not returned or destroyed due to the foregoing reasons, such "Confidential Information" shall remain subject to the confidentiality obligations of this Protective Order.

**9. Disputes Regarding Designation of Material.**

Where disputes arise as to the protected nature of any information or documents, such disputes shall be resolved, if possible, by agreement by and among the parties. If an agreement cannot be reached within ten (10) days from a party's receipt of a written request from the Receiving Party that certain documents or information not be designated as "Confidential," or "Confidential – Attorneys' Eyes Only" the Receiving Party may serve within forty-five (45) days from its giving of the request that certain documents or information not be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" an appropriate motion requesting that certain

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

information not be designated "Confidential" or "Confidential – Attorneys' Eyes Only." In any such dispute, the Designating Party shall bear the burden of persuasion.

**10. FRE 502 Privilege Protections**

Pursuant to FRE 502(d) and (e), the parties agree, and the Court orders, that privileged and otherwise protected documents and electronically stored information are protected against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a parties' discovery request or informal production, as follows:

(a) the disclosure or production of documents, data or information (including, without limitation, metadata) by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information;

(b) the inadvertent disclosure or production of documents, data, or information (including, without limitation, metadata) by a Producing Party, shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document, data or information as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

(c) if, during the course of this litigation, a party determines that any document, data or information (including, without limitation, metadata) produced by a party is on its face subject to a legally recognizable privilege, immunity, evidentiary protection or other right not to produce such information ("Protected Document"), the Receiving Party shall refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure, immediately notify the Producing Party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

not subject to production, identify the Protected Documents by bates number range or hash value range, and return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof, within 5 court-days of discovery by the Receiving Party. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents, data or information to identify potentially privileged or work product Protected Document;

(d) if the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party as Protected Documents, the Producing Party will, within 5 court-days of receiving the Producing Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection;

(e) if, during the course of this litigation, a party determines it has produced a Protected Document, the Producing Party may notify the Receiving Party of such inadvertent production in writing. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

produced by bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection. The Producing Party will also demand the return of the inadvertently produced Protected Document. After receiving such written notification, the Receiving Party must, within 5 court-days of receiving the written notification, return, sequester, or destroy the specified Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof, and to the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database; and

(f) to the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of the written notice by the Producing Party as set forth in paragraphs (c) and (e), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(g) a Receiving Party's return, sequestering or destruction of such Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Party's production of the Protected Documents in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Documents by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents, and/or that the Producing Party did not take reasonable steps to rectify such disclosure pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(h) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(i) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 5-court days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(j) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(k) By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502(d) and (e).

**11. Further Protective Orders.**

Nothing in this Stipulation shall affect any party's right to seek further protective orders under Rule 26(c).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**12. Enforcement.**

The provisions of this Stipulation may be enforced like any other court order.

**13. Filing Confidential Materials.**

If a party intends to file material with this Court that has been designated "Confidential" and has not previously been filed with the Court, it shall first notify all other parties of its intention to do so, to allow the parties to have a discussion as to whether such filings with the Court shall be filed under seal. If material designated "Confidential" or "Confidential – Attorneys' Eyes Only" has previously been filed with the Court, a party may choose to follow the same decision that was made earlier about whether that material should be filed under seal instead of notifying all other parties. To avoid the unnecessary filing of documents under seal, counsel for the parties may request an agreement on the filing of such documents, and such agreement will not be unreasonably withheld. Nothing in this Stipulation shall affect any party's right to seek to have documents filed under seal, subject to the requirements of this Court's Local Rules. The Court also retains discretion whether to afford confidential treatment to any document, data or information designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

**14. Full Force and Effect.**

This Stipulation, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the Parties, except to the extent that it is inconsistent with any Order of the Court. By operation of the Parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502(d) and (e).

This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16.

This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: November __, 2017        /s/Monica M. Quinn
                                MONICA M. QUINN
                                RADHA D.S. KULKARNI
                                LITTLER MENDELSON, P.C.
                                Attorneys for Defendant
                                HILL-ROM COMPANY, INC.,

Dated: November __, 2017        /s/C. Joe Sayas
                                C. JOE SAYAS, JR.
                                KARL P. EVANGELISTA
                                LAW OFFICES OF JOE SAYAS, JR.
                                Attorneys for Plaintiff
                                ANGELO ANGELES

Dated: 12/07/2017

_____
Honorable Rozella A. Oliver
United States Magistrate Judge

MONICA M. QUINN, Bar No. 198332
mquinn@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street

17.

| | |
|---|---|
| 1 | 63rd Floor<br>Los Angeles, CA 90071 |
| 2 | Telephone: 213.443.4300 |
| 3 | RADHA D.S. KULKARNI, Bar No. 293996 |
| 4 | rkulkarni@littler.com<br>LITTLER MENDELSON, P.C. |
| 5 | 2049 Century Park East<br>5th Floor |
| 6 | Los Angeles, CA 90067<br>Telephone: 310.553.0308 |
| 7 | Fax No.: 310.553.5583 |
| 8 | Attorneys for Defendant<br>HILL-ROM COMPANY, INC., |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO ANGELES,<br><br>Plaintiff,<br><br>v.<br><br>HILL-ROM COMPANY, INC., an Indiana corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:17−cv−01862−PSG−RAO<br><br>ASSIGNED TO JUDGE PHILLIP S. GUTIERREZ<br><br>**CONFIDENTIAL STIPULATION AND AGREEMENT AND PROTECTIVE ORDER AND FRE 502(E) CLAWBACK AGREEMENT/ORDER** |

**<u>DECLARATION AND AGREEMENT TO BE BOUND BY THE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>**

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1. My name is _____.

2. I am aware that a Confidential Stipulation and Agreement and Protective Order and FRE 502(E) Clawback Agreement/Order (the "Stipulated Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me. I have read and understand the terms of the Stipulated Protective Order. I agree to be bound by the terms of the Stipulated Protective Order.

3. I promise that the documents and information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this case will be used by me <u>only</u> in connection with the litigation of the above captioned matter.

4. I understand that any use or disclosure of information obtained by me from material marked "Confidential" or "Confidential – Attorneys' Eyes Only" in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt by this Court.

5. I agree to submit myself to the personal jurisdiction of the above-captioned Court in connection with any proceedings concerning the Protective Order.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on _____    _____

                                                               (Signature of Declarant)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

19.